**In the Matter of MAGIC RESTAURANTS, INC., et al., Debtors.**

**BOWIE PRODUCE CO., INC., Plaintiff,**

v.

**MAGIC AMERICAN CAFE, INC. and Magic Restaurants, Inc., Defendants.**

Bankruptcy Nos. 95–376 (HSB) to 95–392 (HSB). Adv. No. A–95–42.

United States Bankruptcy Court, D. Delaware.

June 18, 1996.

Laura Davis Jones, S. David Peress, Mark I. Duedall, Young, Conaway, Stargatt & Taylor, Wilmington, DE, John A. Lee, Peter S. Goodman, David W. Meadows, New York City, for Debtors.

Mark Minuti, Saul, Ewing, Remick & Saul, Wilmington, DE, Stephen P. McCarron, McCarron & Associates, Washington, DC, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Chief Judge.

Defendants Magic American Cafe, Inc. and Magic Restaurants, Inc. have moved for summary judgment on the complaint of plaintiff Bowie Produce Co., Inc. This is the court's Opinion in this core proceeding. 28 U.S.C. § 157(b)(2)(B) & (K).

## I. *LEGAL STANDARD*

In considering defendants' motion for summary judgment, the court will view the record and the inferences therefrom in the light most favorable to Bowie. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987). The record consists of the admissions in the pleadings, two affidavits, and various letters. If this record shows no genuine issue as to any material fact, and that the defendants are entitled to judgment as a matter of law, then summary judgment shall be granted. Fed.R.Bankr.P. 7056(c). In this motion, the defendants raise a legal issue, which if meritorious, would be sufficient to dismiss the complaint with prejudice.

## II. *FACTS*

Magic Restaurants, Inc. (MRI) develops, owns, and operates restaurants. MRI presently operates several restaurants located in the Washington, D.C. and New York metropolitan areas. These restaurants generated twenty million dollars in sales in a recent six month period. MRI is the parent of Magic American Cafe (Cafe). Cafe operates its own restaurants and derives profits therefrom. Cafe and MRI filed Chapter 11 petitions in this court on April 7, 1995.

Cafe and MRI receive perishable agricultural commodities in interstate commerce. For example, MRI receives red peppers, and uses the peppers to create menu items such as Mediterranean sword with spicy red pepper sauce,[1] and linguini tossed in sesame dressing with red peppers. These and other meals, combined with drinks and desserts, and presented in a relaxed atmosphere, are designed to provide MRI's customers with a positive dining experience. Prior to the petition date, plaintiff Bowie Produce Co., Inc. delivered to MRI or Cafe certain perishable agricultural commodities that Bowie alleges were worth about $108,000. While it is unclear from the complaint and the briefing, apparently about $99,000 of that amount remains unpaid.

## III. *THE COMPLAINT*

In its complaint, Bowie alleges it is the beneficiary of a trust for the unpaid amount created pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq. ("PACA"). Bowie seeks immediate payment of $98,983.74 from this trust, or alternatively, "to turn over" the trust assets. Bowie also seeks prejudgment interest and attorneys' fees. Initially Bowie named only Cafe as a defendant, but later added MRI as a second defendant. There is an ongoing dispute between the parties concerning the proper defendant; however, that dispute is not germane to this motion. The court reads each allegation in the complaint referring to "defendant" as meaning both Cafe and MRI. In addition to denying most of the complaint's allegations, the defendants raise several affirmative defenses, including that they are not "dealers," and thus not subject to PACA.

## IV. *DISCUSSION*

The statutory basis for Bowie's claim, PACA, requires that Cafe or MRI be a "com-

---

1. This dish is also garnished with a Feta Mint Yogurt Sauce.

mission merchant," "broker," or "dealer." 7 U.S.C. § 499e(a) (creating cause of action for damages), § 499e(c)(2) (creating trust for the benefit of unpaid suppliers or sellers of PACA goods). Bowie asserts each defendant is a "dealer" under PACA. The defendants disagree.

█ Section 499a(b)(6) of Title Seven defines a dealer:

> The term dealer means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that ... (B) no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000.

The term "person" includes corporations. 7 U.S.C. § 499a(b)(1). The court does not understand the defendants' summary judgment motion to challenge any of the factual predicates to this definition. Instead, in their motion, the defendants maintain that neither is a dealer, because in their view, a restaurant simply cannot be a "dealer."

The language of section 499a(b)(6) is unambiguous, and nothing in the definition carves out entities such as the defendants or restaurants. Nonetheless, the defendants insist that the "plain language" of the statute is not satisfied. Their argument is somewhat complicated and contorted, but can best be described as having at least three conjunctive prongs.

The defendants first argue the only portion of this section that could apply is subsection 499a(6)(B), which is quoted above. For the purposes of judicial efficiency, the court will assume this prong is correct.

Next, they refer to a regulation promulgated by the United States Department of Agriculture which states:

> 'Dealer' means any person engaged in the business of buying or selling in wholesale

or jobbing quantities in commerce and includes:

> \*    \*    \*    \*    \*    \*
>
> (2) Retailers, when the invoice cost of all purchases of produce exceeds $230,000 during the calendar year.

7 C.F.R. § 46.2(m). The defendants argue that subsection 499a(6)(B) should be construed no broader than the above USDA regulation (the "scope argument"). The court cannot agree with this scope argument, as this PACA subsection is equally unambiguous, and includes no terms that require further definition to apply to the defendants here. As is further discussed below, the defendants buy PACA produce "solely for sale at retail," 7 U.S.C. § 499a(6)(B) and thus fall squarely within the purview of PACA.

However, the court will alternatively assume the correctness of the defendants' above scope argument, to get to the meat of the defendants' argument in this summary judgment motion, which is that neither defendant is a "retailer" within the meaning of the USDA regulations.[2]

The USDA defines a retailer as: "a person engaged in the business of selling to consumers only." 7 C.F.R. § 46.2(j). While this definition appears to match the defendants' situation perfectly, the defendants instead argue that *they* are "consumers" themselves, and thus cannot be persons selling to a consumer. "Consumers" is not defined in either the regulations or the PACA statute. For the purposes of this motion, the court will accept the defendants' proffered definition: "One who uses (economic) goods and so diminishes or destroys their utilities." Memorandum of Law, docket no. 15 at 10–11 (citing caselaw).

From this definition, defendants argue: "A restaurant, by purchasing various raw ingredients and utilizing them to prepare its menu items, diminishes the utility of the supplied ingredients." Docket no. 15 at 10. Elsewhere, they similarly argue: "A restaurant, by using the produce supplied by dealers or wholesalers such as Bowie and thus eliminating any further utility for that produce,

---

2. The defendants do not dispute that the aggregate invoice price of the produce purchased by

either defendant exceeds the $230,000 per year threshold.

serves as the consumer and thus is not covered under PACA's framework." *Id.* at 11. These arguments fail.

■ Each defendant, by purchasing various raw ingredients and utilizing them to prepare its respective menu items, *enhances* the utility of the supplied ingredients. It is an eminently reasonable inference that the defendants' Mediterranean sword with spicy red pepper sauce is far more appetizing, and therefore far more useful [3] to hungry customers than a platter of the raw ingredients. Similarly, on a purely economic scale, it is a reasonable inference that the ingredients comprising this dish cost a lot less than the $5.25 menu price for Mediterranean sword. Docket no. 15, Exhibit A. While customers may dine for more sophisticated reasons than mere usefulness, few things are more useful to a growling stomach than a savory meal. The defendants themselves believe that their entrees offer "a positive dining experience." Docket no. 15 at 10. The defendants' customers are the true consumers (no pun intended), as only after this consumption phase is the produce truly destroyed and no longer utile.

Other portions of defendants' briefing also support this result. They refer to Bowie as a true "wholesaler" that sells to MRI or Cafe. *Id.* at 11. Yet if the defendants were truly consumers, then the retailer link in the economic distribution chain would have disappeared, a scenario suggesting that Bowie is a retailer.

In summary, the arguments that the defendants have cooked up and served to the court are unpalatable. Applying the plain meaning of PACA to the facts here, each defendant is a "dealer." [4]

The defendants also argue that the legislative history of PACA demonstrates that PACA was not intended to apply to restaurants. In light of the plain meaning of the statute and the court's rulings above, there is no need to examine this argument. *E.g., United States v. Ron Pair Enterprises,* 489

U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989) (legislative history should be examined only when statutory language is ambiguous).

Finally, the defendants argue that a July 6, 1995 letter from the Washington, D.C. office of the fruit and vegetable branch of the USDA supports their position that they are not "dealers." Assuming that the letter supports the defendants' legal position, it has no weight here for three reasons. First, an administrative agency's view should be considered only if the statute is ambiguous, which is not the case here. *Mead Corp. v. B.E. Tilley,* 490 U.S. 714, 722, 109 S.Ct. 2156, 2161–62, 104 L.Ed.2d 796 (1989). Second, this letter was not promulgated after a due process proceeding. *Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 840, 843–45, 104 S.Ct. 2778, 2780, 2781–83, 81 L.Ed.2d 694 (1984). Third, Bowie has submitted a later and conflicting letter on the "dealer" issue. Thus, the July 6 letter hardly represents a clear statement representing the considered opinion of the USDA. 490 U.S. at 722, 109 S.Ct. at 2161–62.

### V. *Conclusion*

The motion for summary judgment is without merit. An order in accordance with this Opinion is attached.

### *ORDER*

AND NOW, June 18, 1996, for the reasons stated in the attached Memorandum Opinion, IT IS ORDERED THAT:

1. The motion for summary judgment of Magic American Cafe, Inc. (docket no. 14), and later joined by Magic Restaurants, Inc. (docket no. 36) is **DENIED.**

2. Counsel for each party shall be present in the courtroom on June 24, 1996 at 9:00 a.m. to give a status report on this adversary. This status report shall be

---

**3.** Utile is defined as "useful." *E.g.,* Webster's II New Riverside University Dictionary 1272 (1984).

**4.** The parties' briefs argue whether each defendant should be characterized as a "restaurant." The court has intentionally avoided the use of that term in its analysis, as this issue is a red herring.

listed first on the agenda for that Magic Restaurants hearing.